UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | } | CHAPTER 13 |
| | } | |
| TIFFANY PORCH-POPE, | } | CASE NO. 19-60045-PMB |
| AKA TIFFANY PORCH, | } | |
| AKA TIFFANY POPE, | } | |
| | } | |
| | } | |
| DEBTOR. | } | |
| _____ | } | |
| | } | |
| MELISSA J. DAVEY, | } | |
| CHAPTER 13 TRUSTEE, | } | |
| | } | |
| Plaintiff, | } | ADVERSARY PROCEEDING |
| | } | NO. _____ |
| V. | } | |
| | } | |
| CARVANA, LLC, | } | |
| | } | |
| Defendant. | } | |

## **COMPLAINT**

COMES NOW Melissa J. Davey, Standing Chapter 13 Trustee in the above styled case, and files this Complaint and shows the Court the following:

1.

This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105 and 542.

2.

This matter constitutes a core proceeding pursuant to 28 U.S.C. §§ 157.

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1409 as arising in the

Chapter 13 case of Tiffany Porch-Pope (hereinafter "Debtor"), Case No. 19-60045-PMB,

pending in the Northern District of Georgia.

4.

This proceeding is initiated pursuant to Rule 7001(1) of the Federal Rules of

Bankruptcy Procedure.

5.

The Defendant, CARVANA, LLC, (hereinafter "Defendant"), may be served

pursuant to Federal Rule of Bankruptcy Procedure 7004(b)(3) via first class mail to:

Carvana, LLC
P.O Box 29018
Phoenix, AZ 85038

Carvana, LLC
1026 Marietta St NW
Atlanta, GA 30318-5506

Carvana, LLC
Registered Agent: Corporation Service Company
40 Technology Parkway Southsuite 300
Norcross, GA 30092

And additional notice for the Defendant at:

Carvana, LLC
Registered Agent: Corporation Service Company
1930 W. Rio Salado Pwky
Tempe, AZ 85281

Ritchie Pierce, Bridgecrest Specialist
Bridgecrest Credit Company, LLC
P.O Box 29018
Phoenix, AZ 85038

Lilly Guzman, Bankruptcy Specialist
Carvana, LLC
P.O Box 29018
Phoenix, AZ 85038

## BACKGROUND

6.

On or about June 11, 2019, the Debtor entered into a contract for purchase of a 2016 Lexus CT 200H from the seller of the vehicle Carvana, LLC. A copy of the Contract is included in Proof of Claim 12-1, and attached herein as Exhibit A.

7.

As proof of a perfected security interest in this vehicle, Defendant attached a lien and title information to Claim 12-1. This is attached as Exhibit B.

8.

The Debtor filed her petition under Chapter 13 of Title 11 on June 28, 2019. The Vehicle was listed in the Debtor's sworn schedules and is property of the estate pursuant to 11 U.S.C. § 541.

9.

The Debtor pledged the Vehicle as security for payment of the indebtedness.

10.

The Defendant filed Proof of Claim 12-1 on September 4, 2019. The proof of claim was filed as secured and included a copy of the contract and electronic title information as mentioned previously.

11.

Exhibit B, the Defendant's evidence of perfection, reflects that the lien perfection request was received on July 18, 2019, post-petition, and more than thirty (30) days following the purchase of the vehicle.

## COUNT ONE – AVOIDANCE OF POST-PETITION TRANSFER

### 12.

Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 11 above, as if fully set forth herein.

### 13.

A transfer includes creation of a lien.  11 U.S.C. § 101(54)(A).

### 14.

The perfection of the security interest in the Vehicle (the "Transfer") occurred after the commencement of the case.  11 U.S.C. § 549(a)(1).

### 15.

The Transfer was not authorized by Title 11 or the Court.  11 U.S.C. § 549(a)(2).

### 16.

As a result, the Transfer was in violation of the automatic stay. 11 U.S.C. § 362.

### 17.

The Transfer was made more than thirty (30) days after the contract and so there is no relation back to the original time of creation.  O.C.G.A. § 40-3-50(b)(2).

## COUNT TWO – AVOIDANCE OF PREFERENTIAL TRANSFER

### 18.

Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 17 above, as if fully set forth herein.

19.

The Transfer is also avoidable as a preference pursuant to 11 U.S.C. § 547 since the underlying security interest was not properly perfected prior to the filing of this case.

20.

The Transfer was made to or for the benefit of a creditor.  11 U.S.C. § 547(b)(1).

21.

The Transfer was for or on account of antecedent debt, to wit, the financing loan on the Vehicle.  11 U.S.C. § 547(b)(2).

22.

The Debtor was insolvent pursuant to Schedules and is presumed insolvent as the Transfer occurred within ninety (90) days of the petition.  11 U.S.C. §§ 547(b)(3) and 547(f).

23.

The Transfer was made within ninety (90) days of the petition.  11 U.S.C. § 547(b)(4).

24.

The Defendant obtained a lien secured in the amount of $19,543.80; whereas, if the Transfer had not been made and the case filed under Chapter 7, the Defendant would be an unsecured creditor and limited to a pro rata share of the un-exempt equity in the Vehicle.  11 U.S.C. § 547(b)(5).

<u>COUNT THREE – RECOVERY OF THE VEHICLE OR ITS VALUE</u>

25.

Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 24 above, as if fully set forth herein.

26.

Section 550(a) of Title 11 provides that, to the extent a transfer is avoidable under
11 U.S.C. § 547 and/or 548, the Plaintiff may recover the property transferred or the
value of said property from the initial transferee.

27.

The Transfer is avoidable pursuant to 11 U.S.C. § 547.

28.

The Defendant is the initial transferee or the entity for whose benefit the transfer
was made.  11 U.S.C. § 550(a)(1)

29.

Plaintiff is entitled to recover from Defendant the amount and value of the
transfer.  Schedule A/B reflects a value of $15,000.00 for the Vehicle.

WHEREFORE, Plaintiff respectfully requests that this Court enter Order and
Judgment against Defendant as follows:

1) Voiding Defendant's security interest in the Vehicle;

2) Finding Defendant to be an unsecured creditor;

3) Directing Defendant to furnish to the Trustee the title certificate with the lien
released;

4) Award against Defendant a Judgment for the value of the vehicle, the amount
of $15,000.00 plus interest;

5) Providing for all costs of this action; and

6) Providing for such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Delaycee Rowland

Delaycee S. Rowland, GA Bar No. 773359
Attorney for the Chapter 13 Trustee
260 Peachtree Street, Suite 200
Atlanta, GA 30303
678-510-1444

# EXHIBIT A

DocuSign Envelope ID: A2AB6E85-9A1E-4452-98AF-D1B5BB7DC449

THIS IS A COPY
This is a true and correct copy of an Authoritative Copy held
by the designated custodian

GA-102 10/10/2015

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary |
|---|---|---|
| CARVANA, LLC | Tiffany Porch Pope | No. |
| 1026 MARIETTA ST NW | 7480 Parkland Bnd | Date    06/11/19 |
| ATLANTA GA 30318-5506 | Fairburn GA 30213 | |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | you or on your behalf. | when you have made all scheduled payments. | credit, including your down payment of $ 700.00 |
|---|---|---|---|---|
| 22.19 % | $ 15,767.71 | $ 19,332.25 | $ 35,099.96 | $ 35,799.96 |

Payment Schedule. Your payment schedule is:

| of Payments | Amount of Payments | When Payments are Due | |
|---|---|---|---|
| 71 | $ 488.00 | monthly beginning | 07/10/19 |
| 1 | $ 451.96 | | 06/10/25 |
| N/A | $ N/A | | N/A |

Security. You are giving us a security interest in the Property purchased.

Late Charge. If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of the lesser of 5% of the unpaid amount of the payment due $50.00.

Prepayment. If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.

Contract Provisions. You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and payment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2016 | Lexus | CT | Hatchback | JTHKD5BH2G2252178 | 51590 |
| New Used Demo | | | Other: N/A | | |

## Description of Trade-In

| | | | | until maturity. After maturity, or after you default and we demand payment, we will charge finance charges on the unpaid balance at ___22.19___ % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | |

## Conditional Delivery

## Sales Agreement

Retail Installment Contract-GA Not for use in transactions secured by a dwelling.
Bankers Systems TM VMP®
Wolters Kluwer Financial Services © 2015

JPep

GA-102SIMVLFLZGA 10/10/2015

Page 1 of 5

DocuSign Envelope ID: A2AB6E85-9A1E-4452-98AF-D1B5BBE7204A

THIS IS A COPY
Verified to be a true and correct copy of the authoritative Copy held
by the designated custodian

### Itemization of Amount Financed

| | | |
|---|---|---|
| Financed trade-in balance (see line d) | $ | 0.00 |
| Paid to public officials, including filing fees | $ | 75.00 |
| Insurance premiums paid to insurance company(ies) | $ | 0.00 |
| Service Contract, paid to: | | |
| N/A | $ | N/A |
| To: Transit Charge | $ | 499.00 |
| To: N/A | $ | N/A |
| To: N/A | $ | N/A |
| To: N/A | $ | N/A |
| To: N/A | $ | N/A |
| To: N/A | $ | N/A |
| To: N/A | $ | N/A |
| To: N/A | $ | N/A |
| **Total Other Charges/Amts Paid** (k thru x) | $ | 574.00 |
| **Prepaid Finance Charge** | $ | 0.00 |
| **Amount Financed** (j + y-z) | $ | 19,332.25 |

may retain or receive a portion of any amounts paid to others.

### Insurance Disclosures

"None" is checked, you have declined the coverage we offered.

| | |
|---|---|
| N/A | N/A |
| **By:** | **DOB** |
| N/A | N/A |
| **By:** | **DOB** |
| N/A | N/A |
| **By:** | **DOB** |

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ __1,000.00__ . If you get insurance from or through us you will pay $ __N/A__ for __N/A__ of coverage

This premium is calculated as follows:

☐ $ __N/A__ Deductible, Collision Cov. $ __N/A__
☐ $ __N/A__ Deductible, Comprehensive $ __N/A__
☐ Fire-Theft and Combined Additional Cov. $ __N/A__
☐ __N/A__ $ __N/A__

**Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.**

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of

THIS IS A COPY
... law or authoritative Copy h...
by the designated custodian

DocuSign Envelope ID: A2AB6F85-9A1E-4452-98AF-D1B5BE...

## Additional Protections

| | | |
|---|---|---|
| ...erage | | N/A |
| | N/A | |
| ...n | | N/A |
| ...e | $ | N/A |
| ...erage | | N/A |

*JPope*                                06/11/19

**Tiffany Porch Pope**                 **Date**

| | |
|---|---|
| N/A | N/A |
| | **Date** |

| | |
|---|---|
| N/A | N/A |
| | **Date** |

### Additional Terms of the Sales Agreement

...nitions. *"Contract"* refers to this Retail Installment Contract and Security Agreement.
...pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any
...antors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller
...any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle
...ribed in the *Description of Property* section. *"Property"* means the Vehicle and all other
...erty described in the *Description of Property* and *Additional Protections* sections.

...chase of Property. You agree to purchase the Property from Seller, subject to the
...s and conditions of this Contract. You also agree that the purchase of the Property on

---

name and your principal residence. You will provide us with at least 30 days notice before
you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor
and record telephone calls made or received by us or our agents regarding your account to
assure the quality of our service. In order for us to service the account or to collect any
amounts you may owe, and subject to applicable law, you agree that we may from time to
time make calls and send text messages to you using prerecorded/artificial voice message
or through the use of an automatic dialing device at any telephone number you provide to u...
in connection with your account, including a mobile telephone number that could result in
charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except
as prohibited by law):

- ❖ You fail to perform any obligation that you have undertaken in this Contract.
- ❖ We, in good faith, believe that you cannot, or will not, pay or perform the obligations
  you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court
costs and fees for repossession, repair, storage and sale of the Property securing this
Contract. You also agree to pay reasonable attorneys' fees after default and referral to an
attorney not a salaried employee of ours. The maximum attorneys' fees you will pay will b...
15% of the amount you owe.

If an event of default occurs as to any of you, we may exercise our remedies against any o...
all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by
law and this Contract. Those remedies include:

- ❖ We may require you to immediately pay us, subject to any refund required by law, th...
  remaining unpaid balance of the amount financed, finance charges and all other
  agreed charges.
- ❖ We may pay taxes, assessments, or other liens or make repairs to the Property if yo...
  have not done so. We are not required to do so. You will repay us that amount
  immediately. That amount will earn finance charges from the date we pay it at the
  post-maturity rate described in the *Payment* section until paid in full.
- ❖ We may require you to make the Property available to us at a place we designate th...
  is reasonably convenient to you and us.

DocuSign Envelope ID: A2AB6F85-9A1E-4452-98AF-D1B5BE...

THIS IS A COPY...
...original...oritative Copy h...
by the designated custodian

## Notices

### Security Agreement

...urity. To secure your payment and performance under the terms of this Contract, you
...us a security interest in the Vehicle, all accessions, attachments, accessories, and
...ment placed in or on the Vehicle and in all other Property. You also assign to us and
...us a security interest in proceeds and premium refunds of any insurance and service
...racts purchased with this Contract.

...ies Toward Property. By giving us a security interest in the Property, you represent
...agree to the following:

You will defend our interests in the Property against claims made by anyone else. You
will keep our claim to the Property ahead of the claim of anyone else. You will not do
anything to change our interest in the Property.

You will keep the Property in your possession and in good condition and repair. You
will use the Property for its intended and lawful purposes.

You agree not to remove the Property from the U.S. without our prior written
consent.

You will not attempt to sell the Property, transfer any rights in the Property, or grant
another lien on the Property without our prior written consent.

You will pay all taxes and assessments on the Property as they become due.

You will notify us with reasonable promptness of any loss or damage to the Property.

You will provide us reasonable access to the Property for the purpose of inspection.
Our entry and inspection must be accomplished lawfully, and without breaching the
peace.

...eement to Provide Insurance. You agree to provide property insurance on the
...erty protecting against loss and physical damage and subject to a maximum deductible
...unt indicated in the *Insurance Disclosures* section, or as we will otherwise require. You
...name us as loss payee on any such policy. Generally, the loss payee is the one to be
...the policy benefits in case of loss or damage to the Property. In the event of loss or
...age to the Property, we may require additional security or assurances of payment
...re we allow insurance proceeds to be used to repair or replace the Property. You agree
...if the insurance proceeds do not cover the amounts you still owe us, you will pay the
...rence. You will keep the insurance in full force and effect until this Contract is paid in

...u fail to obtain or maintain this insurance, or name us as loss payee, we may obtain

disposición en contrario incluida en el contrato de compraventa.

### Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property
but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the
*Description of Property* section. You also agree to the terms of this Contract except that
you will not be liable for the payments it requires. Your interest in the Property may be used
to satisfy the Buyer's obligation. You agree that we may renew, extend or change this
Contract, or release any party or Property without releasing you from this Contract. We
may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

| N/A | N/A |
|---|---|
| By: | Date |

Signature of Third Party Owner (NOT the Buyer)

Case 19-05359-pmb    Doc 1    Filed 12/31/19    Entered 12/31/19 09:22:19    Desc Main
Document    Page 12 of 14

DocuSign Envelope ID: A2AB6F85-9A1E-4452-9BAF-D1B5BED000000
Case 19-60045-pmb    Claim 12-1 Part 2    Filed 09/04/19    Desc Attachment 1 Page 11 of 11

THIS IS A COPY of an original authoritative Copy held by the designated custodian

JPope

*Signature Notices*

cobuyer.sign

*Signatures*

tire Agreement. Your and our entire agreement is contained in this Contract. There
no unwritten agreements regarding this Contract. Any change to this Contract must
in writing and signed by you and us.

JPope
_____    06/11/19
:    Tiffany Porch Pope                     Date

N/A                                         N/A
_____
:                                           Date

N/A                                         N/A
_____
:                                           Date

N/A                                         N/A
_____
By:                                         Date

Seller

_____    06/11/19
By:    CARVANA, LLC                          Date

Assignment. This Contract and Security Agreement is assigned to
N/A

the Assignee, phone _____N/A_____ . This assignment is made
under the terms of a separate agreement made between the Seller and Assignee.
☐ This Assignment is made with recourse.

Seller

N/A
_____
By:                                         Date

# EXHIBIT B



Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# Carvana LLC

## Lien and Title Information

### Lienholder

| | |
|---|---|
| ELT Lien ID | 001101896845 |
| Lienholder | CARVANA LLC |
| Lienholder Address | |
| Lien Release Date | |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| VIN | JTHKD5BH2G2252178 | Issuance Date | 7/18/2019 |
| Title Number | 770004253577962 | Received Date | 7/18/2019 |
| Title State | GA | ELT/Paper | ELECTRONIC |
| Year | 2016 | Odometer Reading | |
| Make | LEXS | Branding | |
| Model | | | |
| Owner 1 | TIFFANY PORCH POPE | | |
| Owner 2 | | | |
| Owner Address | 144 SHORT JAY ST | | |
| | WOODBURY, GA 302936110 | | |

**Printed:** Tuesday, September 03, 2019 12:41:40 PM PST